## Case No. 13,429.

STEWART et al. v. HAMILTON.

[4 McLean, 534.] [1]

Circuit Court, D. Indiana. May Term, 1849.

MARSHAL—TERM OF OFFICE EXPIRED—SERVICE OF WRIT.

1. The service of a summons, by a deputy marshal, the day after the new marshal has filed his bond and taken the oath, the process having before been in the hands of the deputy, is good.

2. But this does not apply to the service of an execution. "If the marshal die, is removed from office, or his commission expires," he has no power to sell if he has made a levy, but another execution must be issued to his successor.

In equity.

Smith & Breckinridge appeared as counsel.

1 [Reported by Hon. John McLean, Circuit Justice.]

OPINION OF THE COURT. A motion is made to set aside the service of a writ issued and served under the following circumstances: It appears that Ray, a deputy marshal of Pepper, the former marshal, on the 8th of April, 1849, received the writ of summons, and served it on the 14th of the same month, on the 13th of April, Meredith, the successor of Pepper, filed his bond and took the oath of office. The 28th section of the judiciary act of 1789 [1 Stat. 87], provides, that "every marshal or his deputy, when removed from office, or when the term for which the marshal is appointed shall expire, shall have power notwithstanding, to execute all such precepts as may be in their hands respectively, at the time of such removal and expiration of office," etc. From this provision, it would seem there can be no doubt as to the legality of the service in question. By Act May 7, 1800, § 3 [2 Stat. 61], it is provided that "where a marshal shall take in execution any lands, tenements or hereditaments, and shall die or be removed from office or the term of his commission expire before sale, or other final disposition thereof, the like process shall issue to the succeeding marshal and the same proceedings be had as if said former marshal had not died, or been removed, or the term of his commission had not expired." But the above provision refers to executions, and can not be extended, by construction, to mesne process. The motion to set aside the service is overruled.